IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| SONJA FERNANDEZ, | ) | CIV. NO. 20-00031 HG-RT |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| FEDEX CORPORATE SERVICES, INC.; | ) | |
| THERESA RUBINOFF; JEFF MARTIN; | ) | |
| DOE DEFENDANTS 1-25, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |

**ORDER GRANTING DEFENDANT JEFF MARTIN'S MOTION TO DISMISS
(ECF NO. 12)**

**and**

**DENYING PLAINTIFF'S REQUEST FOR REMAND**

The Complaint asserts that Defendant FedEx Corporate Services, Inc. ("FedEx") discriminated against Plaintiff Sonja Fernandez on the basis of her sex and subjected her to a hostile work environment.

The Complaint alleges that Plaintiff was terminated by Defendant FedEx in November 2018 for falsifying company records. Plaintiff claims the reason provided by Defendant FedEx was baseless and was a pretext for discrimination and retaliation.

The Complaint asserts that Plaintiff's male co-worker, Defendant Jeff Martin, and Defendant Theresa Rubinoff conspired against Plaintiff. The Complaint claims that Defendants Rubinoff and Martin falsified records. The Complaint argues that

Defendant Martin was treated more favorably than Plaintiff because he was rewarded for creating falsified records and was awarded Plaintiff's accounts after she was terminated.

Plaintiff filed a Charge of Discrimination against Defendant FedEx with the Equal Employment Opportunity Commission and the Hawaii Civil Rights Commission.  Plaintiff complained of sex discrimination, hostile work environment, and retaliation by Defendant FedEx and her supervisor in the Charge of Discrimination.

Defendant Martin was not named in the Charge of Discrimination nor was there a reference to any act by Defendant Martin in the Charge of Discrimination.

Plaintiff subsequently filed a Complaint in Hawaii State court that was removed to the United States District Court for the District of Hawaii.  The Complaint was filed against:

    (1)  Plaintiff's former employer FedEx;

    (2)  Plaintiff's former supervisor Theresa Rubinoff; and,

    (3)  Plaintiff's former co-worker Jeff Martin.

The Complaint alleges only Hawaii state law claims, which include employment discrimination, hostile work environment, breach of contract, and unjust enrichment against Defendant FedEx.

Plaintiff also asserts Hawaii state law claims of aiding and abetting employment discrimination against Defendant Rubinoff and Defendant Martin.

Defendant Martin filed a Motion to Dismiss, stating

2

Plaintiff failed to exhaust her administrative remedies against Martin before filing suit.  Plaintiff's Charge of Discrimination does not name Martin.

Defendant Jeff Martin's Motion to Dismiss (ECF No. 12) is **GRANTED.**

Plaintiff's sole claim against Defendant Jeff Martin for aiding and abetting discrimination pursuant to Haw. Rev. Stat. § 378-2(a)(3) is **DISMISSED WITH PREJUDICE.**

Defendant Jeff Martin is **DISMISSED** from the case.

The Court finds that it has subject-matter jurisdiction pursuant to diversity jurisdiction.

Plaintiff's request for remand is **DENIED.**

## PROCEDURAL HISTORY

On December 6, 2019, Plaintiff filed a Complaint in the Circuit Court of the First Circuit, State of Hawaii.  (ECF No. 1-1).

On January 23, 2020, Defendant FedEx Corporate Services, Inc. removed the Complaint to this Court.  (ECF No. 1).

On January 30, 2020, Defendant Jeff Martin filed DEFENDANT JEFF MARTIN'S CONSENT TO REMOVAL BY DEFENDANT FEDEX CORPORATE SERVICES, INC.  (ECF No. 9).  Defendant Martin stated that subsequent to the removal, Plaintiff served him with the Complaint and Summons on January 24, 2020.  (Id. at p. 2).

On February 14, 2020, Defendant Jeff Martin filed DEFENDANT

3

JEFF MARTIN'S MOTION TO DISMISS.  (ECF No. 12).

On February 19, 2020, the Court issued a briefing schedule. (ECF No. 18).  Plaintiff was ordered to file her Opposition on or before March 9, 2020.

Plaintiff did not file her Opposition on March 9, 2020.

On March 13, 2020, Plaintiff filed PLAINTIFF SONJA FERNANDEZ'S RESPONSE IN OPPOSITION TO DEFENDANT JEFF MARTIN'S MOTIOON [sic] TO DISMISS (ECF NO. 25).

On March 23, 2020, Defendant Martin filed his REPLY IN SUPPORT OF DEFENDANT JEFF MARTIN'S MOTION TO DISMISS.  (ECF No. 26).

On March 24, 2020, the Court issued a Minute Order stating that it elects to decide the Motion without a hearing pursuant to District of Hawaii Local Rule 7.1(c).  (ECF No. 27).

## BACKGROUND

**PLAINTIFF'S ALLEGATIONS OF DISCRIMINATION AGAINST DEFENDANT FEDEX AND DEFENDANT RUBINOFF**

**According to the Complaint:**

Plaintiff Sonja Fernandez is a 49-year-old female. (Complaint at ¶ 8, ECF No. 1-1).  Plaintiff was hired by Defendant FedEx Corporate Services, Inc. ("FedEx") as an "Account Executive Area Development" in December 2013.  (Id. at ¶ 9).  In November 2016, Plaintiff was promoted to "Senior Account Executive Market Development."  (Id. at ¶ 10).

Plaintiff's supervisor was Defendant Theresa Rubinoff. (<u>Id.</u> at ¶ 13). Plaintiff alleges that Defendant Rubinoff treated male employees more favorably than female employees. (<u>Id.</u> at ¶ 14). According to Plaintiff, Defendant Rubinoff placed quotas on female sales personnel to conduct face-to-face meetings with clients and Defendant Rubinoff did not place these quotas on male sales personnel. (<u>Id.</u> at ¶¶ 15-16).

The Complaint alleges that in January 2018, Plaintiff and another female employee met with Defendant Rubinoff to complain about discrimination on the basis of their sex. (<u>Id.</u> at ¶ 19).

In April 2018, Plaintiff complained of discrimination a second time. (<u>Id.</u> at ¶ 20). Plaintiff complained of the discrimination to both Defendant Rubinoff and Defendant Rubinoff's supervisor, Caroline Viger-Uu. (<u>Id.</u>)

On September 7, 2018, Plaintiff participated in an internal Human Resources investigation into complaints of sex discrimination and completed a written interview. (<u>Id.</u> at ¶¶ 21-29). On September 14, 2018, Plaintiff discovered that the investigation was not kept confidential and Defendant Rubinoff was informed of the contents of Plaintiff's written interview. (<u>Id.</u> at ¶¶ 30-31).

Following the September 14, 2018 interview, Plaintiff claims she "was subjected to a campaign of illegal retaliation by Defendant Rubinoff for participating in the Human Resources investigation into Defendant Rubinoff's illegal conduct. Plaintiff was yelled at, cussed, and threatened by an

increasingly hostile and aggressive Defendant Rubinoff." (<u>Id.</u> at ¶¶ 32-33).

Caroline Viger-Uu terminated Plaintiff on November 29, 2018, for falsifying company records. (<u>Id.</u> at ¶¶ 34-42). Plaintiff asserts that the reasons provided by Defendant FedEx for her termination are baseless and are a pretext for sex discrimination and retaliation. (<u>Id.</u> at ¶¶ 43-44).

**PLAINTIFF'S ALLEGATIONS AGAINST DEFENDANT MARTIN**

Plaintiff claims that Defendant Jeff Martin was a male employee in the sales department for Defendant FedEx who received preferential treatment from Defendant Rubinoff. (<u>Id.</u> at ¶¶ 13, 20).

Plaintiff's theory is that Defendants Rubinoff and Martin were involved in a conspiracy to discriminate against her by creating false records. (<u>Id.</u> at ¶¶ 47-49).

**PLAINTIFF'S ADMINISTRATIVE CHARGE OF DISCRIMINATION**

On February 13, 2019, Plaintiff, with the assistance of counsel, filed a Declaration containing a Charge of Discrimination with the United States Equal Employment Opportunity Commission and the Hawaii Civil Rights Commission. (Charge of Discrimination Letter from Pl.'s Attorney to EEOC Honolulu Office dated February 13, 2019, attached as Ex. B to Def. Martin's Motion to Dismiss, ECF No. 12-3).

Plaintiff named Defendant FedEx Commercial Services, Inc. in

her Charge of Discrimination and stated allegations of discrimination, retaliation, and hostile work environment.  (<u>Id.</u> at p. 2).

The Charge of Discrimination includes factual allegations concerning her former supervisor, Defendant Rubinoff, but does not specifically name her.  (<u>Id.</u> at pp. 3-4).

The Charge of Discrimination does not name Defendant Martin nor does it include any allegations of any acts of aiding and abetting discrimination.  (<u>Id.</u> at pp. 2-4).

**PLAINTIFF'S LAWSUIT**

On December 6, 2019, Plaintiff filed a Complaint in the Circuit Court of the First Circuit, State of Hawaii.  (Complaint, attached as Ex. 1 to Def. Notice of Removal, ECF No. 1-1).

On January 23, 2020, Defendant FedEx removed the Complaint to this Court.

As to Defendant Martin, the Complaint alleges only one claim of aiding and abetting discrimination against Defendant Martin pursuant to Hawaii State Law, Haw. Rev. Stat. § 378-2(a)(3).

## <u>STANDARDS OF REVIEW</u>

**Subject-Matter Jurisdiction And Fraudulent Joinder**

A civil action generally may be removed from state court to federal court if the federal district court would have had original subject-matter jurisdiction over the case.  28 U.S.C. §

1441(a).  Subject-matter jurisdiction may be based on either federal question jurisdiction or diversity jurisdiction.  28 U.S.C. §§ 1331, 1332.

Diversity jurisdiction exists over all civil actions when the amount in controversy exceeds $75,000 and there is complete diversity among all plaintiffs and defendants.  28 U.S.C. § 1332(a)(1).  Diversity jurisdiction does not exist unless each defendant is a citizen of a different State from each plaintiff. Owen Equip. & Erection Co. & Kroger, 437 U.S. 365, 373 (1978).

Diversity still exists when the only nondiverse defendant has been "fraudulently joined."  Morris v. Princess Cruises, Inc., 236 F.3d 1061, 1067 (9th Cir. 2001).  The District Court ignores the presence of a fraudulently joined nondiverse defendant for the purposes of establishing diversity jurisdiction.  Hunter v. Philip Morris USA, 582 F.3d 1039, 1042 (9th Cir. 2009).

A joinder is fraudulent when a plaintiff fails to state a cause of action against the nondiverse defendant pursuant to the applicable state law.  Allen v. Boeing Co., 784 F.3d 625, 634 (9th Cir. 2015).  A defendant bears a heavy burden of demonstrating fraudulent joinder by "clear and convincing evidence."  Hamilton Materials, Inc. v. Dow Chem. Corp., 494 F.3d 1203, 1206 (9th Cir. 2007).  The District Court must remand the case unless it finds that the state court would find that the plaintiff cannot state a claim against the nondiverse defendant. Hunter, 582 F.3d at 1046.

**Dismissal For Failure To Exhaust Administrative Remedies**

Defendant Martin asserts that he was fraudulently joined and that Plaintiff is barred from bringing the claim against him because she failed to exhaust her administrative remedies against him before filing suit.

Dismissal for failure to exhaust administrative remedies is not dismissal for lack of subject-matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1), but rather exhaustion in employment discrimination cases is a "mandatory" "nonjurisdictional" requirement evaluated pursuant to Fed. R. Civ. P. 12(b)(6). Fort Bend Cnty, Texas v. Davis, 139 S.Ct. 1843, 1852 (2019); Daniels v. Donahoe, 901 F.Supp.2d 1238, 1245 (D. Haw. 2012).

A court must dismiss a claim as a matter of law pursuant to Federal Rule of Civil Procedure 12(b)(6) where it fails "to state a claim upon which relief can be granted." When considering a Rule 12(b)(6) motion to dismiss, the Court must presume all allegations of material fact to be true and draw all reasonable inferences in favor of the non-moving party. Pareto v. F.D.I.C., 139 F.3d 696, 699 (9th Cir. 1998). Conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss. Id. The Court need not accept as true allegations that contradict matters properly subject to judicial notice or allegations contradicting the exhibits attached to the complaint. Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001).

## ANALYSIS

### I.   Plaintiff's Sole Claim Against Defendant Martin

The Complaint alleges several claims against Defendant FedEx, one claim against Defendant Theresa Rubinoff, and one claim against Defendant Jeff Martin.

Defendant Martin seeks to dismiss the one claim against him.

The Complaint alleges that Defendant Martin aided and abetted discrimination in violation of Haw. Rev. Stat. § 378-2(a)(3).  Pursuant to Hawaii law, it is an unlawful discriminatory practice for any person, whether an employer or employee to aid, abet, incite, compel, or coerce discriminatory practices as set forth in Hawaii Revised Statutes Chapter 378. Haw. Rev. Stat. § 378(a)(3); Lales v. Wholesale Motors Co., 328 P.3d 341, 354 (Haw. 2014).

Defendant Jeff Martin seeks to dismiss Plaintiff's attempt to bring an aiding and abetting claim against him.

Defendant Martin asserts that he was fraudulently joined and that Plaintiff is barred from bringing the claim against him by failing to exhaust her administrative remedies before filing suit.

### II.  Fraudulent Joinder

A nondiverse defendant named in the state court action may be dismissed and disregarded for purposes of diversity jurisdiction if the federal court determines that the party's

joinder is fraudulent.  Morris v. Princess Cruises, Inc., 236 F.3d 1061, 1067 (9th Cir. 2001).

Fraudulent joinder is a term of art.  Fraudulent joinder exists when the federal court finds that no cause of action can be stated against a nondiverse defendant whose presence would otherwise destroy diversity jurisdiction.  McCabe v. Gen. Foods Corp., 811 F.2d 1336, 1339 (9th Cir. 1987).

In this case, Defendant Martin is a nondiverse defendant.

Plaintiff Fernandez is a citizen of Hawaii.  (Complaint at ¶ 1, ECF No. 1-1).

Defendant FedEx is a citizen of Delaware.  (Id. at ¶ 2).

Defendant Rubinoff is a citizen of California.  (Id. at ¶ 3).

Just as Plaintiff Fernandez, Defendant Martin is also a citizen of Hawaii.  (Id. at ¶ 4).

Defendant Martin filed a Motion to Dismiss seeking dismissal of the sole claim against him on the basis that he was fraudulently joined.

In her Opposition, Plaintiff Fernandez asserts that Defendant Martin was not fraudulently joined and seeks remand. She did not file a stand-alone Motion to Remand.  A motion to remand is the proper procedure for a plaintiff to use when challenging removal.  See 28 U.S.C. § 1447; Moore-Thomas v. Ala. Airlines, Inc., 553 F.3d 1241, 1244 (9th Cir. 2009).  The Court, however, has its own obligation to evaluate whether subject-matter jurisdiction exists.  Federal courts are courts of limited

jurisdiction and courts resolve any doubts concerning removal in favor of remand.  <u>Provincial Gov't of Marinduque v. Placer Dome, Inc.</u>, 582 F.3d 1083, 1087 (9th Cir. 2009).

In evaluating whether fraudulent joinder exists as to Defendant Martin, the Court evaluates whether there is any possibility that the state court could find that Plaintiff has stated a claim against him pursuant to state law.  <u>Ritchey v. Upjohn Drug Co.</u>, 139 F.3d 1313, 1318-19 (9th Cir. 1998).

Ordinarily, courts do not consider a nondiverse defendant's defenses on the merits in determining whether the defendant's joinder was fraudulent.  <u>Hunter v. Philip Morris USA</u>, 582 F.3d 1039, 1044 (9th Cir. 2009).  There is an exception when the defendant raises a state law procedural bar such as statute of limitations or failure to exhaust administrative remedies. <u>Ritchey</u>, 139 F.3d at 1319-20.  A procedural bar may be considered for "fraudulent joinder" purposes when it is apparent on the face of the pleadings or from matters subject to judicial notice.   <u>Id.</u>

## III. Judicial Notice

The Court may consider exhibits attached to the Complaint, and documents whose contents are incorporated by reference in the Complaint, when evaluating whether a procedural bar exists that renders a nondiverse defendant to be fraudulently joined. <u>Ritchey</u>, 139 F.3d at 1319-20; <u>see also</u> <u>Lee v. City of Los Angeles</u>, 250 F.3d 668, 688 (9th Cir. 2001).

The Court may also consider matters that are the proper

subject of judicial notice pursuant to Federal Rule of Evidence 201.  Lee, 250 F.3d at 688-89; Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 322 (2007) (stating that courts must consider the complaint in its entirety as well as other sources courts ordinarily examine when ruling on motions to dismiss, in particular documents incorporated into the complaint by reference, and matters of which a court may take judicial notice).

Plaintiff's Charge of Discrimination filed with the Equal Employment Opportunity Commission and the Hawaii Civil Rights Commission is attached as Exhibit B to Defendant Martin's Motion to Dismiss.  (ECF No. 12-3).  The Charge of Discrimination is subject to judicial notice because it is incorporated by reference in the Complaint.  Becerra v. San Diego Cmty. College Dist., 2018 WL 4385370, *3 (S.D. Cal. Sept. 14, 2018) (citing Marder v. Lopez, 450 F.3d 445, 448 (9th Cir. 2006) and explaining that the EEOC Charge of Discrimination is subject to judicial notice as it is referenced in the complaint, is central to the plaintiff's claim, and there is no question raised as to its authenticity by the plaintiff).

The Declarations of Jeffrey B. Martin and Caroline Viger Uu at Exhibits C and D (ECF Nos. 12-4, 12-5) submitted by Defendant are not reviewable as the Court's review is limited to judicially noticeable documents when considering a procedural bar in the context of fraudulent joinder.  See Ritchey, 139 F.3d at 1319-20.

## IV.  Dismissal For Failure To Exhaust Administrative Remedies

Failure to exhaust is a procedural bar that is considered in evaluating whether a defendant was fraudulently joined in order to destroy diversity.  Graybill-Bundgard v. Standard Ins. Co., 793 F.Supp.2d 1117, 119-20 (N.D. Cal. 2011).  A defendant is fraudulently joined when a state court requires a plaintiff to exhaust her administrative remedies to sue an individual for discrimination and the plaintiff failed to do so.  Khan v. SAP Labs, LLC, 2019 WL 5697928, *12 (N.D. Cal. Nov. 4, 2019).

Here, the Court examines whether Plaintiff Fernandez exhausted her administrative remedies before filing suit against Defendant Martin for employment discrimination pursuant to Hawaii Revised Statutes Chapter 378.

### A.  A Plaintiff Must Exhaust Her Administrative Remedies Against A Party Before Filing Suit For Discrimination Pursuant To Haw. Rev. Stat. Chapter 378

Plaintiff seeks to sue Defendant Martin for aiding and abetting discrimination in violation of Haw. Rev. Stat. § 378-2(a)(3); Lales, 328 P.3d at 354.

Hawaii law requires a plaintiff to exhaust her administrative remedies before filing suit for such a claim. Haw. Rev. Stat. §§ 378-4, 368-11; You v. Longs Drug Stores California, LLC, 937 F.Supp.2d 1237, 1248 (D. Haw. 2014).

Exhaustion is mandatory before filing suit and cannot be waived.  Schefke v. Reliable Collection Agency, Ltd., 32 P.3d 52,

60 n.5 (Haw. 2001); <u>Ross v. Stouffer Hotel Co.</u>, 879 P.2d 1037, 1043 (Haw. 1994).

Defendant is unable to proceed with her suit against Defendant Martin unless she has exhausted her claim against him before either the Hawaii Civil Rights Commission or the Equal Employment Opportunity Commission.  <u>Schefke</u>, 32 P.3d at 60 n.5.

If Plaintiff has not exhausted her administrative remedies as to her claim against Defendant Martin, he is fraudulently joined and subject to dismissal.

### B.    There Are Five Exceptions That Allow A Plaintiff To Sue A Party Unnamed In The Charge Of Discrimination

Exhaustion requires a plaintiff to file an administrative charge of discrimination with either the Hawaii Civil Rights Commission or the United States Equal Employment Opportunity Commission before filing suit.  The policy behind the exhaustion requirement is to allow the administrative agency to have an opportunity to investigate the charges asserted against the defendant before involving the judicial system.  <u>B.K.B. v. Maui Police Dep't</u>, 276 F.3d 1091, 1099 (9th Cir. 2002).  Exhaustion assists the courts by giving the charged party notice of the claim and by narrowing the issues for prompt adjudication and decision.  <u>Id.</u> (citing <u>Park v. Howard Univ.</u>, 71 F.3d 904, 907 (D.C. Cir. 1995)).

On February 13, 2019, Plaintiff filed a Charge of Discrimination with the United States Equal Employment

Opportunity Commission and the Hawaii Civil Rights Commission. (Charge of Discrimination Letter from Pl.'s Attorney to EEOC Honolulu Office dated February 13, 2019, attached as Ex. B to Def. Martin's Motion to Dismiss, ECF No. 12-3).

It is undisputed that Defendant Martin is not named in the Charge of Discrimination that Plaintiff filed.

Generally, a party not named in the administrative charge of discrimination cannot be sued because the claims against the party have not been exhausted. Simmons v. Aqua Hotels & Resorts, Inc., 310 P.3d 1026, 1030 (Haw. App. 2013). There are five exceptions to the rule.

Suit is permitted against an unnamed party when:

(1)  the unnamed party was involved in the acts giving rise to the administrative charge;

(2)  the administrative agency or the unnamed party should have anticipated a Section 378-2 claim against the unnamed party;

(3)  the named party is a principal or agent of the unnamed party or they are substantially identical;

(4)  the administrative agency could have inferred that the unnamed party violated part I of Chapter 378; or,

(5)  the unnamed party had notice of the administrative agency's investigation and participated in the proceedings such that he would have anticipated the lawsuit.

Id. (citing Sosa v. Hiraoka, 920 F.2d 1451, 1458-59 (9th Cir. 1990)).

The exceptions apply only if a claim against an unnamed party falls within the scope of the administrative agency's investigation, or is reasonably related to the type of

16

allegations made before the agency.  B.K.B., 276 F.3d at 1103

(citing Green v. Los Angeles Cty. Superintendent of Sch., 883

F.2d 1472, 1475-76 (9th Cir. 1989)).

Plaintiff did not name Defendant Martin in her Charge of

Discrimination.  The Court reviews the five exceptions that would

allow Plaintiff to proceed on her suit against Defendant Martin.

### 1.   Party Involved In Acts Giving Rise To Administrative Charge

A claim is exhausted against an unnamed party if the Charge

of Discrimination provides a description of the acts that the

unnamed party is alleged to have committed.  Simmons, 310 P.3d at

1030.

A review of Plaintiff's Charge of Discrimination

demonstrates that there are no acts alleged to have been

committed by Defendant Martin.  (Charge of Discrimination,

attached as Ex. B to Def. Martin's Motion to Dismiss, ECF No. 12-

3).  The Charge is also devoid of any allegation of acts

purported to have been committed by Defendant Martin.  In

addition, there are no allegations of aiding and abetting

discrimination by anyone.

The first exception does not provide a basis to find that

Plaintiff exhausted her claims against Defendant Martin.

McAllister v. U.S. Vets. Initiative, Civ. No. 14-00057 SOM-KSC,

2015 WL 2345595, *17 (D. Haw. May 14, 2015) (finding that the

plaintiff failed to exhaust his aiding and abetting claims where

the administrative charge does not contain any allegations concerning the individual defendant's involvement in inciting, coercing, or compelling discrimination against the plaintiff).

### 2.   Unnamed Party Should Have Anticipated Suit

The second exception allows for exhaustion when the administrative agency or the unnamed party should have anticipated a Haw. Rev. Stat. § 378-2 claim against the unnamed party.  <u>Simmons</u>, 310 P.3d at 1030.

There is no basis by which either the administrative agencies or Defendant Martin should have anticipated an aiding or abetting discrimination claim against him.

The Charge of Discrimination alleges claims of sex discrimination, retaliation, and hostile work environment. (Charge of Discrimination, attached as Ex. B to Def. Martin's Motion to Dismiss, ECF No. 12-3).  The Charge of Discrimination does not allege any claims for aiding or abetting discrimination. It does not allege any behavior by Defendant Martin that would have put him on notice that he may be subject to a lawsuit. <u>McAllister</u>, 2015 WL 2345595, at *17.

### 3.   Named Party Is Principal, Agent, Or Identical To Unnamed Party

The third exceptions permits suit to proceed where the named party is the principal or agent of the unnamed party or they are substantially identical.  <u>Simmons</u>, 310 P.3d at 1030.

Here, Defendant Martin is not a principal or agent of Defendant FedEx.  Cf. Simmons, 310 P.3d at 1031 (finding the plaintiff exhausted her remedies against Aqua Hotels because she named her employer, Kai Management, which was a wholly owned subsidiary of Aqua Hotels, in her charge of discrimination).

The allegations in the Complaint assert that Defendant Martin was a co-worker of Plaintiff Fernandez.  Unlike Defendant Rubinoff, Defendant Martin was not a supervisor and was not charged with hiring and firing decisions concerning Plaintiff on behalf FedEx.  See Chung v. Pomona Valley Cmty. Hospital, 667 F.2d 788, 792 (9th Cir. 1982).

### 4. Administrative Agency Inferred The Unnamed Party Violated The Law

The fourth exception allows suit to proceed if the administrative agency could have inferred that the unnamed party violated the anti-discrimination law.

There was no basis for the administrative agencies to have inferred that Defendant Martin aided and abetted discrimination. The Charge of Discrimination contains no acts alleged to have been committed by Defendant Martin or any acts of aiding and abetting discrimination.

Pursuant to Hawaii law, an aiding and abetting claim requires the "inciting, compelling, or coercing of one person by another person."  Maizner v. Hawaii, Dep't of Educ., 405 F.Supp.2d 1225, 1239 (D. Haw. 2005).  There are no allegations

that any person incited, compelled, or coerced another to
discriminate in the Charge of Discrimination.  An aiding and
abetting claim is a separate claim from sex discrimination,
retaliation, and hostile work environment.  There was no basis
for the agencies to infer such a claim as to Defendant Martin.
Dowkin v. Cty. & Cnty. of Honolulu, Civ. No. 10-00087 LEK-RLP,
2015 WL 13812211, *13 (D. Haw. May 1, 2015) (explaining that
neither the administrative agency nor the individual defendant
could have anticipated or inferred that plaintiff would bring an
aiding and abetting claim because the charges lacked any
allegations that the individual defendant was involved in any
discrimination or retaliation).

### 5.   Unnamed Party Had Notice Of Administrative Investigation And Participated In Its Proceedings

The final exception allows for suit to proceed when the
unnamed party was aware of the administrative agency's
investigation into the discrimination claim and actually
participated in the proceedings.  Simmons, 310 P.3d at 1030.

There is no basis to find that Defendant Martin was either
informed of the agencies' investigation or participated in any
proceedings.  There are no acts alleged to have been committed by
Defendant Martin in the Charge of Discrimination and he was not
alleged to have participated in any human resources' decisions
regarding Plaintiff that would have required his participation
with the agencies.

A review of the judicially noticeable documents demonstrates that Plaintiff did not exhaust her administrative remedies before filing suit against Defendant Martin for violating Haw. Rev. Stat. Chapter 378.  Plaintiff did not name Defendant Martin in the Charge of Discrimination and none of the five exceptions apply that would excuse Plaintiff's failure to name Defendant Martin in her Charge of Discrimination.  There are no facts in the Charge of Discrimination that would have put Defendant Martin or the agencies on notice that Plaintiff was claiming that Defendant Martin aided or abetted discrimination against her.

Defendant's Motion to Dismiss based on failure to exhaust Plaintiff's administrative remedies is **GRANTED**.

## V.    Leave To Amend Would Be Futile

Plaintiff in her Opposition requests leave to amend her Complaint.  Leave to amend is not warranted where amendment would be futile.  <u>Cervantes v. Countrywide Home Loans, Inc.</u>, 656 F.3d 1034, 1041 (9th Cir. 2011); <u>Lopez v. Smith</u>, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc).

Plaintiff did not exhaust her administrative remedies as to her claim of aiding and abetting discrimination pursuant to Haw. Rev. Stat. § 378-2(a)(3) against Defendant Martin.

Plaintiff was terminated on November 29, 2018, more than 300 days prior to the filing of this Complaint on January 23, 2020. Plaintiff is unable to cure her failure to exhaust.  Leave to

amend would be futile because Plaintiff cannot timely exhaust her administrative remedies against Defendant Martin.  <u>Bowling v. Diamond Resorts Int'l, Inc.</u>, Civ. No. 17-00562DKW-RLP, 2018 WL 3244068, *6 n. 10 (D. Haw. July 3, 2018) (finding leave to amend would be futile for plaintiff's discrimination claim that she did not administratively exhaust because more than 300 days had passed since the alleged discriminatory acts and she could not timely amend her charge of discrimination before the EEOC).

## <u>CONCLUSION</u>

Defendant Jeff Martin's Motion to Dismiss (ECF No. 12) is **GRANTED.**

Plaintiff's sole claim against Defendant Martin for aiding and abetting discrimination pursuant to Haw. Rev. Stat. § 378-2(a)(3) is **DISMISSED WITH PREJUDICE.**

There are no remaining causes of action against Defendant Martin.  Defendant Jeff Martin is **DISMISSED** from the case.

The Court finds there is subject-matter jurisdiction pursuant to diversity jurisdiction.

//

//

//

//

//

//

Plaintiff's request for remand is **DENIED**.

IT IS SO ORDERED.

DATED: May 18, 2020, Honolulu, Hawaii.



Helen Gillmor
United States District Judge

Sonja Fernandez v. FedEx Corporate Services, Inc.; Theresa Rubinoff; Jeff Martin; Doe Defendants 1-25, Civ. No. 20-00031 HG-RT; **ORDER GRANTING DEFENDANT JEFF MARTIN'S MOTION TO DISMISS (ECF NO. 12) and DENYING PLAINTIFF'S REQUEST FOR REMAND**

23